UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVON ANZALDUA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:13CV01257 ERW |
| NORTHEAST AMBULANCE and FIRE PROTECTION DISTRICT, et al. | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiff's Motion to Strike Defendants' Memorandum in Support of their Motion for Summary Judgment" [ECF No. 37].

**I.  BACKGROUND**

On July 2, 2013, Plaintiff Stevon Anzaldua ("Plaintiff") filed a Complaint against Northeast Ambulance and Fire Protection District ("Fire District"); Fire District Board of Directors Derek Mays, ClarenceYoung, and Bridget Quinlisk-Dailey, in their official capacities (collectively referred to as "Board"); Board Directors Robert Lee and Derek Mays, in their individual capacities; Fire District Fire Chief Quinten Randolph, individually and in his official capacity; Fire District Battalion Chief Kenneth Farwell, individually and in his official capacity; and individual Kate Welge [ECF No. 1].  In his Complaint, Plaintiff alleged his employment with Fire District was terminated on September 26, 2012, as a result of a conspiracy among the defendants.  In Count I, Plaintiff brought a claim pursuant to 42 U.S.C. § 1983, alleging the termination violated his First Amendment right to free speech, against Defendants Lee, Mays, Quinlisk-Dailey, Randolph, and Farwell ("Fire District Defendants").  Under Count II, Plaintiff sued Fire District, Fire District Defendants, and Defendant Welge for conspiracy to violate his

constitutional rights, cognizable under 42 U.S.C. § 1983.  In Counts III and IV, Plaintiff also alleged Farwell and Welge violated federal and state computer privacy laws.

Fire District Defendants filed a Motion to Dismiss on August 26, 2013.  On October 21, 2013, this Court granted, in part, Fire District Defendants' Motion to Dismiss [ECF No. 15].  In its Order, the Court dismissed with prejudice Counts II, III, and IV of Plaintiff's Complaint, for failure to state a claim.  The Order also dismissed with prejudice Plaintiff's claims brought against individual defendants in their official capacities, and Plaintiff's cause of action for municipal liability against Fire District, contained in Count I of his Complaint.  Because no claims remained against Fire District, the Order dismissed the district from the action.  Additionally, the Order dismissed, as abandoned, any due process claims asserted by Plaintiff in his Complaint, and dismissed with prejudice all claims against Defendants Clarence Young, Bridget Quinlisk-Dailey and Quinten Randolph.  The Court denied, in part, Fire Defendants' Motion to Dismiss, finding Count I of Plaintiff's Complaint sufficiently alleged colorable claims against Lee, Mays, and Farwell, in their individual capacities, to survive a dismissal motion.

Plaintiff filed "Plaintiff's Motion to Reconsider Memorandum and Order Dated October 21, 2013 (Doc.15), or Alternatively, Motion for Leave to Amend Complaint" on October 28, 2013 [ECF No. 18].  In his Motion asking the Court to reconsider its dismissal with prejudice of Fire District and Randolph as parties, and of Counts II, III, and IV in their entirety, Plaintiff, noted he was thus prevented him from amending his Complaint to state claims for relief, and requested leave to file an amended complaint.  Plaintiff argued justice required that he be granted permission to amend his Complaint to address the deficiencies identified in the Court's Order, because the Court did not find any amendment would be futile, only that there were insufficient factual allegations to support plausible claims for relief.

On November 27, 2013, the Court issued a Memorandum and Order, holding Plaintiff's Motion to Reconsider in abeyance, pending Plaintiff's submission of a proposed amended complaint [ECF No. 28]. Subsequently, Plaintiff timely filed a motion, seeking leave to file his proposed Amended Complaint [ECF No. 29, 29-1]. Defendants Farwell, Lee, Fire District, and Randolph filed a Memorandum in Opposition to Plaintiff's Motion; and Plaintiff filed a Reply [ECF Nos. 38, 44].

Plaintiff's First Amended Complaint is brought against Fire District; Welge; and against defendants Lee, Mays, Randolph and Farwell, in their individual capacities [ECF No. 29-1]. The Complaint asserts four claims: Count I – 42 U.S.C. Section 1983 Violation of Anzaldua's First Amendment Right to Free Speech (against Fire District, Lee, Mays, Randolph, and Farwell); Count II – Conspiracy to Violate Anzaldua's Constitutional Rights Cognizable under 42 U.S.C. § 1983 (against Lee, Mays, Randolph, and Farwell); Count III – Anzaldua's Cause of Action under 18 U.S.C. § 2707 Against Defendants Farwell and Welge; and Count IV – Anzaldua's Cause of Action under Section 537.525 of the Missouri Revised Statutes Against Defendants Farwell and Welge.

On December 16, 2013, Fire District, Lee, Mays, Randolph, and Farwell filed a "Motion for Extension of Time to File Motion for Summary Judgment Based on Qualified Immunity and Motion to File Overlength Memorandum in Support of Said Motion" [ECF No. 30]. In their motion, these defendants anticipated their memorandum would consist of twenty (20) pages, and thus in excess of the fifteen-page limit set forth in Local Rule 7-4.01(D). Plaintiff opposed the motion [ECF No. 31]. The Court granted the motion, ordering any summary judgment motion to be filed no later than December 18, 2013, and directing the memorandum not to exceed twenty pages, exclusive of certificate of service and signature pages [ECF No. 32].

The defendants filed their Motion for Summary Judgment on December 18, 2013 [ECF No. 33]. In conjunction with their summary judgment motion, the defendants filed a Statement of Uncontroverted Material Facts in Support of Defendants' Motion for Summary Judgment [ECF No. 34], and Defendants' Memorandum in Support of their Motion for Summary Judgment [ECF No. 35]. The supporting memorandum totals thirty (30) pages in length, with its initial pages labeled as "i" through "xi," and subsequent pages labeled "1" through "19." A footnote on page "ii" of the memorandum states: "This recital of the facts is provided for the convenience of the Court. Defendants are submitting herewith a Statement of Uncontroverted Material Facts in accordance with Local Rule 7-4.01(E), which is incorporated herein by reference" [ECF No. 35 at 2]. The "Statement of Facts" section of the memorandum is set forth on pages labeled "ii" through "xi."

Plaintiff filed his Motion to Strike Defendants' Memorandum in Support of their Motion for Summary Judgment" on December 20, 2013 [ECF No. 37]. Defendants filed their Response on December 24, 2013 [ECF No. 39]. On the same date he filed his Motion to Strike, Plaintiff also filed "Plaintiff's Motion, Affidavit, and Supporting Legal Memorandum to Defer Defendants' Premature Motion for Summary Judgment or, in the Alternative, to Grant Additional Time for Plaintiff to Conduct Discover and to Lift Stay on Discovery/Amend Case Management Order for Such Purpose," [ECF No. 36].

**II.    LEGAL STANDARD**

District courts enjoy broad discretion in enforcing their rules, but "striking a party's pleadings is an extreme measure and . . . [m]otions to strike . . . are viewed with disfavor and are infrequently granted." *Stanbury Law Firm, P.S. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation marks and citations omitted).

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). As is apparent from the language of Rule 12(f), a motion to strike may only be directed to material contained in a "pleading." *Id.*, *see also Coleman v. City of Pagedale*, 2008 WL 161897 at *4 (E.D. Mo. Jan. 15, 2008). Pleadings are defined as: 1) a complaint; 2) an answer to a complaint; 3) an answer to a counterclaim designated as a counterclaim; 4) an answer to a crossclaim; 5) a third-party complaint; 6) an answer to a third-party complaint; and 7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Thus, memoranda ordinarily may not be the subject of a motion to strike. *See Coleman*, 2008 WL at *4; *Carlson Mktg. Grp., Inc.*, 2006 WL 2917173 (D. Minn. Oct. 11, 2006); 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.).

### III.  DISCUSSION

Plaintiff requests the Courts to strike Fire District Defendants' Memorandum in Support of their Motion for Summary Judgment, asserting the memorandum's length is actually thirty (30) pages, and not the twenty-page length the defendants were granted leave to file. In his Motion to Strike, Plaintiff points out that the defendants numbered the first eleven (11) pages of their supporting memorandum with lowercase Roman numerals, making the actual total of the document's pages to be thirty. Plaintiff argues that neither the Federal Rules of Civil Procedure nor the Court's Local Rules "permit a party to simply not count pages in a supporting brief to avoid the page limitations[.]" [ECF No. 37 at 2]. He objects to the filing of the document, asserting it was deliberately filed in violation of the local rules and the Court's December 17, 2013 Order, and stating "this is not the first time Defendants have been less than honest in this case" [ECF No. 37 at 2].

Without regard to whether "this is not the first time Defendants have been less than honest in this case," the Court agrees with Plaintiff's conclusion concerning the proffer of the thirty-page document. Respective counsels' filing of motions in this case, obviously without communicating, continues to burden the Court unnecessarily in management of this case. Here, Defendants' pretensive explanation of why they cannot comply with common English is disappointing. "Twenty pages" means what it says. The attempt to excuse non-compliance is not warmly embraced. The Court could reject the filing and require what was ordered, adopt the Judge Hungate Rule and read only the first twenty pages, or decide to accept the abberrant filing to reduce the work of all counsel that any other order would surely invite. The thirty-page document will be accepted, but should not be taken as a signal that such future behavior will be tolerated.

In their Response to the Motion to Strike, Defendants claim their memorandum is actually only eighteen (18) pages, stating the included recitation of the facts was lifted directly from Defendants' Statement of Uncontroverted Facts, with the record citations omitted, and was provided, as indicated in the footnote to memorandum, as a courtesy to the Court [ECF No. 39]. They contend including such a recitation is not an uncommon practice, and state their counsel frequently does so in this district, without any previous challenge. The defendants contend Plaintiff's motion "serves no purpose other than to vexatiously multiply these proceedings and to increase the burden on the Court and counsel" [ECF No. 39 at 2]. The defendants object, as contrary to the spirit of the Rules of Civil Procedure, to Plaintiff's assertion of any dishonest conduct on their behalf.

As stated in *Carlson*, "there is no such thing as a 'motion to strike' – at least when the paper being targeted is a memorandum or affidavit submitted in connection with a motion for

summary judgment." *Carlson*, 2006 WL 2917173 at *2. After noting the lack of authorization for such motions in the Federal Rules of Civil Procedure and the district's local rules, the *Carlson* Court further stated: "Civil Rule 12(f) comes closest, authorizing parties to move a court to strike certain material from a *pleading*. But neither a memorandum nor an affidavit is a "pleading." *Id.* at **2-3. The Court cited several cases in which district courts found motions to strike inappropriately targeted memoranda, affidavits, or other documents that were not "pleadings" for purpose of Rule 12(f), and warned it would deny such motions, and in appropriate cases, possible sanction the attorneys filing them. *Id.* The Court explained, "In light of what this Court and others have said about 'motions to strike,' an attorney has little reason to believe that such a motion is 'warranted by existing law.'" *Id.* at *3.

An argument similar to the one Plaintiff now posits was considered and rejected by this Court in *Coleman*, a case where the defendants filed, with leave of the Court, a motion to strike the plaintiff's sur-reply to their summary judgment motion. *Coleman*, 2008 WL 161897. The defendants argued that the Sur-Reply (consisting of thirty-one (31) pages) and its supporting memorandum (consisting of fifteen (15) pages) exceeded the scope of leave requested by the defendants. *Id.* at *3. This Court denied the Motion to Strike, stating, "Plaintiffs' Sur-Reply and Memorandum are not pleadings and may not be attacked in this manner." *Id.* at *4.

IV. **CONCLUSION**

The Court will deny Plaintiff's Motion to Strike.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Motion to Strike Defendants'

7

Memorandum in Support of their Motion for Summary Judgment" [ECF No. 37] is **DENIED**.

Dated this   5th   day of February, 2014.

_E. Richard Webber_ (signature)
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE