UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVON ANZALDUA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV01257 ERW |
| | ) | |
| NORTHEAST AMBULANCE and | ) | |
| FIRE PROTECTION DISTRICT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion, Affidavit, and Supporting

Legal Memorandum to Defer Defendants' Premature Motion for Summary Judgment or, in the

Alternative, to Grant Additional Time for Plaintiff to Conduct Discovery and to Lift Stay on

Discovery/Amend Case Management Order for Such Purpose ("Motion to Defer") [ECF No. 36].

I.      BACKGROUND

On July 2, 2013, Plaintiff Stevon Anzaldua ("Plaintiff") filed a Complaint against

Northeast Ambulance and Fire Protection District ("Fire District"); Fire District Board of

Directors Derek Mays, ClarenceYoung, and Bridget Quinlisk-Dailey, in their official capacities

(collectively referred to as "Board"); Board Directors Robert Lee and Derek Mays, in their

individual capacities; Fire District Fire Chief Quinten Randolph, individually and in his official

capacity; Fire District Battalion Chief Kenneth Farwell, individually and in his official capacity;

and individual Kate Welge [ECF No. 1].  In his Complaint, Plaintiff alleged his employment with

Fire District was terminated on September 26, 2012, as a result of a conspiracy among the

defendants.  In Count I, Plaintiff brought a claim pursuant to 42 U.S.C. § 1983, alleging the

termination violated his First Amendment right to free speech, against Defendants Lee, Mays,

Quinlisk-Dailey, Randolph, and Farwell ("Fire District Defendants"). Under Count II, Plaintiff

sued Fire District, Fire District Defendants, and Defendant Welge for conspiracy to violate his

constitutional rights, cognizable under 42 U.S.C. § 1983. In Counts III and IV, Plaintiff also

alleged Farwell and Welge violated federal and state computer privacy laws.

Fire District Defendants filed a Motion to Dismiss on August 26, 2013. On October 21,

2013, this Court granted, in part, Fire District Defendants' Motion to Dismiss [ECF No. 15]. In

its Order, the Court dismissed with prejudice Counts II, III, and IV of Plaintiff's Complaint, for

failure to state a claim. The Order also dismissed with prejudice Plaintiff's claims brought

against individual defendants in their official capacities, and Plaintiff's cause of action for

municipal liability against Fire District, contained in Count I of his Complaint. Because no

claims remained against Fire District, the Order dismissed the district from the action.

Additionally, the Order dismissed, as abandoned, any due process claims asserted by Plaintiff in

his Complaint, and dismissed with prejudice all claims against Defendants Clarence Young,

Bridget Quinlisk-Dailey and Quinten Randolph. The Court denied, in part, Fire Defendants'

Motion to Dismiss, finding Count I of Plaintiff's Complaint sufficiently alleged colorable claims

against Lee, Mays, and Farwell, in their individual capacities, to survive a dismissal motion.

Plaintiff filed "Plaintiff's Motion to Reconsider Memorandum and Order Dated October

21, 2013 (Doc.15), or Alternatively, Motion for Leave to Amend Complaint" on October 28,

2013 [ECF No. 18]. In his Motion asking the Court to reconsider its dismissal with prejudice of

Fire District and Randolph as parties, and of Counts II, III, and IV in their entirety, Plaintiff,

noted he was thus prevented him from amending his Complaint to state claims for relief, and

requested leave to file an amended complaint. Plaintiff argued justice required that he be granted

permission to amend his Complaint to address the deficiencies identified in the Court's Order,

because the Court did not find any amendment would be futile, only that there were insufficient factual allegations to support plausible claims for relief.

The Court issued a Case Management Order ("CMO") on November 21, 2013, assigning the case to Track 2 (Standard), and establishing the schedule for the case [ECF No. 27]. Among other things, the CMO provided that any summary judgment motions be filed no later than December 14, 2014.

On November 27, 2013, the Court issued a Memorandum and Order, holding Plaintiff's Motion to Reconsider in abeyance, pending Plaintiff's submission of a proposed amended complaint [ECF No. 28]. Subsequently, Plaintiff timely filed a motion, seeking leave to file his proposed Amended Complaint [ECF No. 29, 29-1]. Defendants Farwell, Lee, Fire District, and Randolph filed a Memorandum in Opposition to Plaintiff's Motion; and Plaintiff filed a Reply [ECF Nos. 38, 44].

Plaintiff's First Amended Complaint is brought against Fire District; Welge; and against defendants Lee, Mays, Randolph and Farwell, in their individual capacities [ECF No. 29-1]. The Complaint asserts four claims: Count I – 42 U.S.C. Section 1983 Violation of Anzaldua's First Amendment Right to Free Speech (against Fire District, Lee, Mays, Randolph, and Farwell); Count II – Conspiracy to Violate Anzaldua's Constitutional Rights Cognizable under 42 U.S.C. § 1983 (against Lee, Mays, Randolph, and Farwell); Count III – Anzaldua's Cause of Action under 18 U.S.C. § 2707 Against Defendants Farwell and Welge; and Count IV – Anzaldua's Cause of Action under Section 537.525 of the Missouri Revised Statutes Against Defendants Farwell and Welge.

On December 16, Defendants moved for an extension of time to file a motion for summary judgment based on qualified immunity, and for leave to file in excess of page limitation

[ECF No. 30]. The Court granted Defendants' motion, ordering, among other things, that any motion for summary judgment based on qualified immunity be filed no later than December 18, 2013 [ECF No. 32]. Defendants timely filed their Motion for Summary Judgment, based on qualified immunity [ECF Nos. 33, 34, 35]. Plaintiff has not filed a Response to the summary judgment motion, instead filing this motion to defer, and, as well, a motion to strike, on the basis of excessive length, Defendants' Memorandum in Support of Their Motion for Summary Judgment [ECF Nos. 36, 37]. Defendants filed "Defendants' Memorandum in Opposition to Plaintiff's Motion to Defer Defendants' Motion for Summary Judgment or to Grant Additional Time for Plaintiff to Conduct Discovery" on January 7, 2014 [ECF No. 43]. Plaintiff moved for an extension of time to file a Reply, which was granted [ECF Nos. 45, 46]. Thereafter, Plaintiff filed his Reply on January 27, 2014 [ECF No. 47].

## II.     LEGAL STANDARD

Plaintiff brings his Motion to Defer under Federal Rule of Civil Procedure 56(d), which allows the Court to defer considering summary judgment motions, or to deny them, "[i]f the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d)(1). Pursuant to Rule 56(d), the Court may also allow time to obtain affidavits or declarations or to take discovery; or issue an other appropriate order. Fed. R. Civ. P. 56(d)(2), (3).

## III.     DISCUSSION

A determination whether a defendant is entitled to qualified immunity involves a two-part analysis. *Janis v. Biesheuvel*, 428 F.3d 795, 799 (8th Cir. 2005). First, courts examine whether, construed most favorably to the plaintiff, the facts alleged show the government official's conduct violated a constitutional right. *Id*. Second, courts must determine whether the right was

4

clearly established. *Id.* "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

As mentioned above, review of the case record reveals that Plaintiff has not submitted a Response to the defendants' pending motion for summary judgment on the basis of qualified immunity, which was filed December 18, 2013. Local Rule 7-4.01 directs parties opposing summary judgment motions under Federal Rule of Civil Procedure 56 to file their memorandum and any appropriate documentary evidence twenty-one (21) days after being served with the motion. The CMO entered in this case contained the same directive. Instead of responding to the Motion for Summary Judgment, Plaintiff filed the present Motion to Defer on December 20, 2013, and a Motion to Strike Defendants' Memorandum in Support of their Motion for Summary Judgment [ECF No. 37].

In his Motion to Defer, Plaintiff asserts that, in its November 21, 2013 CMO, "over Plaintiff's objection, this Court prohibited all discovery, to include initial disclosures, until after Farwell, Mays, and Lee filed their dispositive motion on qualified immunity grounds no later than December 16, 2013" [ECF No. 36 at 2]. The Court notes that the parties' Proposed Scheduling Order [ECF No. 21] contains a proposal by Defendants that all discovery be stayed until the resolution of Defendants' dispositive motion on the issue of qualified immunity. However, the Court has examined its November 21, 2013 CMO, and finds the prohibition on discovery, discussed by the parties in their submissions, appears to be absent from the cited document. Nevertheless, the Court notes that "[u]nless the plaintiff's allegations state a claim of

violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." *Janis*, 428 F.3d at 800.

Plaintiff asserts that, because he has not yet had the opportunity to engage in any written discovery and he will need to conduct depositions after he obtains documents, he needs a discovery period of at least four or five months, and twenty-one days after the close of such discovery, to respond to the dispositive motion [ECF No. 36 at 9]. He contends discovery around the issue of his purportedly false and defamatory statements is necessary for full and fair consideration of the summary judgment motion, and he will be unfairly prejudiced in his efforts to fully respond without the requested discovery. Plaintiff claims that, should this Court deny his Motion to Defer, "he will need sufficient time to attempt to respond to Defendants' motion without the benefit of discovery[,]" and he requests an additional twenty-one (21) days from the date the Court enters its ruling on this motion.

In their Memorandum in Opposition to Plaintiff's Motion to Defer, the defendants assert Plaintiff's motion should be denied, because qualified immunity should be determined at the earliest possible opportunity in litigation, and they contend Plaintiff has not met his burden under Rule 56(d) to justify deferring a ruling on their Motion for Summary Judgment based on qualified immunity [ECF No. 43]. Defendants argue discovery is not required to determine the legal issue of whether they are entitled to qualified immunity, and the discovery sought by Plaintiff does not impact the relevant legal questions for qualified immunity. They contend the actual falsity of Plaintiff's speech is irrelevant to whether they are entitled to qualified immunity, because Lee and Mays already swore under oath that they believed the statements in Plaintiff's email to Holland were false. Defendants argue the balancing test set forth in *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968) (where speech is found to address matter of public concern,

court must balance interests of employee, as citizen commenting on matters of public concern, and interests of State, as employer promoting efficiency of public services performed by its employees) does not depend on the falsity of Plaintiff's email, and they assert the test balances in their favor.

Defendants further claim Plaintiff's Rule 56(d) motion is insufficient, because it fails to state with specificity the materials he hopes to obtain with further discovery and how he expects those materials would help him in opposing summary judgment, and they assert the information they possess was already provided with their Statement of Facts in support of summary judgment. Defendants state the following four supporting documents, filed with their Memorandum in Opposition, are all the documents that exist concerning Plaintiff's claims regarding pumpers being shut down due to staffing mishaps, issues with Self Controlled Breathing Apparati ("SCBA's"), and new vehicles being purchased at a price of almost $100,000: 1) Declaration of Quinten Randolph; 2) proposals for SCBA's submitted to Fire District from three vendors; 3) invoices for the purchase of two vehicles; and 4) an invoice for vehicle lights [ECF Nos. 43-1 through 43-4].

In his Reply, Plaintiff argues he has satisfied Rule 56(d)'s requirements for relief, claiming he has shown he cannot respond to Defendants' affidavits, because the Court has stayed all discovery and the documents needed to rebut the affidavit are exclusively in the possession and control of Defendants [ECF No. 47]. Plaintiff further claims his affidavit adequately supported his motion by stating discovery was needed to establish the following allegations Plaintiff stated in his email to Holland: 1) pumpers were shut down due to staffing mishaps; 2) there were issues with the SCBA's; 3) new vehicles were purchased at or near the price of which Plaintiff complained, showing the command staff put vehicles above employee safety; and

7

4) Farwell's use of his Department-issued vehicle was improper.  Plaintiff also asserts evidence

Defendants falsely claimed his statements to Holland were false and defamatory would support

his claim Defendants' reasons for firing him "were nothing but pretext to hide illegal retaliation"

[ECF No. 47 at 5].  Plaintiff also argues that, should the Court grant him leave to file his

amended complaint to proceed against Fire District, he "will be entitled to **all** of the discovery

that Defendants are now trying to prevent" [ECF No. 47 at 6-7].  Additionally, Plaintiff contends

the constitutional right in issue was clearly established well before his discharge, and he argues

Defendants' claim, that the right was not established, is based upon disputed facts, making

summary judgment premature before adequate discovery is undertaken.  He further contends the

*Pickering* balance test is inapplicable, or alternatively, additional discovery is necessary to

address factual disputes relating to the existence of purported disruption, and deposition

discovery of Quinlisk-Dailey, in addition to document discovery, is required to properly resolve

factual disputes.

Under Rule 56(d), district courts may defer ruling on motions for summary judgment, and

allow for additional discovery when affidavits of the non-moving party indicate that, "for

specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P.

56(d)(1), (2); *All-American Hose, LLC v. LaBarge Prods., Inc.*, 2013 WL 64524 at *5-6 (E.D.

Mo. Jan. 4, 2013).  Because the rule reflects the principle that a grant of summary judgment is

proper only after the non-moving party has been afforded adequate time for discovery, Rule 56(d)

should be liberally applied.  *All-American Hose, LLC*, 2013 WL 64524 at *5.  However, to carry

his burden under Rule 56(d), the nonmovant must do more than speculate he might discover

additional facts that would defeat a summary judgment motion, he must submit an affidavit

showing what specific facts additional discovery might reveal.  *Id.*  If a party fails to meet his

burden under Rule 56(d), deferral of a ruling on a summary judgment motion is unjustified. *Id*.

Furthermore, Rule 56(d) discretion is limited when the summary judgment motion is based on

qualified immunity, because insubstantial claims against government officials should be resolved

prior to discovery. *See Anderson v. Creighton*, 483 U.S. 635, 640 n. 2 (1987); *Harlow*, 457 U.S.

at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed.");

*Jones v. City & Cnt'y of Denver, Co.*, 854 F.2d 1206, 1211(10th Cir. 1988) (court's discretion is

restricted beyond the general requirements of Rule 56(d) when a summary judgment motion is

based on qualified immunity). The purpose of qualified immunity is to protect public officers

from undue interference with their duties; and to avoid subjecting government officials to trial

costs, or to the burdens of extensive discovery in cases where their conduct does not violate

clearly established legal norms. *See Anderson*, 483 U.S. at 638-40; *Harlow*, 457 U.S. at 806-08.

Insubstantial claims against government officials should be resolved prior to trial and on

summary judgment, if possible. *See Anderson*, 483 U.S. at 640 n. 2; *Harlow*, 457 U.S. at 818.

The Court finds Plaintiff has not carried his burden under Rule 56(d). Plaintiff asserts

that he needs to depose Farwell, Mays, Lee, Randolph, and Quinlisk-Dailey to show Plaintiff

spoke truthfully in his emails and to prove a conspiracy among Farwell, Mays, Lee and

Randolph; and he requests the Court to afford him four or five months to conduct discovery.

Plaintiff's submission fails to show that there is any connection between the information he

would seek in discovery and the validity of the defendants' qualified immunity assertion. Rule

56(d) does not condone fishing expeditions. *See All-American Hose, LLC*, 2013 WL 64524 at

*5. The Court will deny the Motion to Defer [ECF No. 36].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion, Affidavit, and Supporting Legal Memorandum to Defer Defendants' Premature Motion for Summary Judgment or, in the Alternative, to Grant Additional Time for Plaintiff to Conduct Discovery and to Lift Stay on Discovery/Amend Case Management Order for Such Purpose [ECF No. 36] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file his Response to Defendants' Motion for Summary Judgment [ECF No. 33] within twenty-one (21) days of the entry of this Order.

Dated this __5th__ day of February, 2014.


E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE